1 | **QUADE & ASSOCIATES, a PLC**
MICHAEL W. QUADE, ESQ.        [S.B. #171930]
2 | CHERYL L. GUSTAFSON, ESQ.    [S.B. #234490]
3377 Carmel Mountain Road, Suite 150
3 | San Diego, California 92121
Telephone: (858) 642-1700
4 | Facsimile: (858) 642-1778
mquade@quadelaw.com
5 | cgustafson@quaelaw.com

6 | Attorneys for Plaintiff, Dorothy Jeaneen Cockrell

**FILED**
Superior Court of California
County of Riverside

**11/20/2020**
J. Hendrickson

Electronically Filed

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF RIVERSIDE - RIVERSIDE HISTORIC COURTHOUSE

11 | DOROTHY    JEANEEN    COCKRELL,    an individual,

CASE NO.    **CVRI2000317**

Plaintiff,

I/C JUDGE:
DEPT:

v.

UNITED    SURGICAL    PARTNERS INTERNATIONAL, INC., a Texas corporation; TENET HEALTHSYSTEM MEDICAL, INC., a Delaware corporation; and DOES 1 through 20, inclusive,

Defendants.

**COMPLAINT FOR DAMAGES:**

1. Wrongful Termination in Violation of Public Policy;
2. Continuous Discrimination (Race)- Govt. Code §12940(a)
3. Continuous Discrimination (Age)- Govt. Code §12940(a)
4. Continuous Retaliation (Race)- Govt. Code §12940(h)
5. Continuous Retaliation (Age)- Govt. Code §12940(h)
6. Continuous Failure to Prevent Discrimination/Retaliation - Govt. Code §12940(k)
7. Negligence and Negligent Supervision
8. Failure to Provide Employee File

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff DOROTHY JEANEEN COCKRELL, who herein alleges as follows:

**GENERAL ALLEGATIONS**

1.    Generally, this is a civil action seeking damages related to compensation, wrongful termination, and discrimination/retaliation based claims brought against Plaintiff's former employer.

1

1    2.    Venue is proper in this Court because the employment of Plaintiff upon which this

2    complaint is based and the conduct complained of, were, respectively, entered into and occurred in

3    Riverside County.

4    3.    Plaintiff DOROTHY JEANEEN COCKRELL (hereinafter "Plaintiff") at all times relevant

5    herein and during her employment with Defendant was a resident of the County of Riverside, State of

6    California.

7    4.    Plaintiff is informed and believe and thereon allege that at all times relevant herein,

8    Defendant UNITED SURGICAL PARTNERS INTERNATIONAL, INC. (hereinafter "USPI") was and

9    is an active Texas corporation organized under the State of Texas, with its corporate headquarters

10    located at 14201 Dallas Parkway, Dallas, TX 75254.  Plaintiff is informed and believe and thereon allege

11    that at all times relevant herein, UNITED SURGICAL was doing business throughout the State of

12    California, including an office located at 200 N. Westlake Blvd., Westlake Village, CA 91362, and the

13    acts complained of herein occurred in and/or resulted in damage to Plaintiff in the State of California,

14    County of Riverside.

15    5.    Plaintiff is informed and believe and thereon allege that at all times relevant herein,

16    Defendant TENET HEALTHSYSTEM MEDICAL, INC. (hereinafter "TENET") was and is an active

17    Delaware corporation organized under the State of Delaware, with its corporate headquarters located

18    at 14201 Dallas Parkway, Dallas, TX 75254.  75254.  Plaintiff is informed and believe and thereon allege

19    that at all times relevant herein, UNITED SURGICAL was doing business throughout the State of

20    California, including an office located at 200 N. Westlake Blvd., Westlake Village, CA 91362, and the

21    acts complained of herein occurred in and/or resulted in damage to Plaintiff in the State of California,

22    County of Riverside.

23    6.    Plaintiff is unaware of the true names or capacities of DOE defendants 1 through 20,

24    inclusive, and therefore sues such defendants by such fictitious names pursuant to California *Code of*

25    *Civil Procedure* § 474.  Plaintiff is informed and believes, and on that basis alleges that each of the

26    defendants designated herein as a DOE is in some manner responsible for, and contributed to, the acts,

27    injuries, and damages alleged below.  Plaintiff will seek leave of this Court to amend this complaint to

28    assert the true names and capacities of these defendants when the same has been ascertained.

7.     The defendants named herein including, UNITED SURGICAL, TENET HEALTHSYSTEM MEDICAL, INC. and DOES 1 through 20, inclusive, are hereinafter collectively referred to herein as "Defendants."

8.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants, including DOES 1 through 20, were agents, members, officers, servants, employees, joint ventures, partners, co-owners, alter egos, and/or subsidiaries of their co-defendants, and in doing the things alleged below, were acting within the scope of their agency, membership, office and employment, joint-venture, partnership, co-ownership, and/or subsidiary, and with the authority, permission, consent, authorization and ratification and/or at the direction of the other Defendants, and for this reason, as well as for other reasons yet unknown, are jointly and/or severally liable for each other's conduct and for every aspect of Plaintiff's claims, causes of action, and damages as more specifically set forth below.

9.     Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, were at all relevant times aware of the conduct of each of the other Defendants and approved and ratified the conduct.  Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants, and each of them, were agents, servants, general partners, joint venturers, and/or employees of each of the other Defendants, and in doing the things herein alleged, were acting within the course and scope of their employment and/or agency, thereby rendering each Defendant legally responsible for the acts, omissions, breaches and other conduct of each remaining Defendant.

10.     Plaintiff is informed and believes and on that basis alleges that Defendants, including DOES 1-20, have knowledge of the acts and omissions more further described herein either by direct knowledge or by acquiescing to information known to be erroneous.

11.     As a direct and proximate result of Defendants' conduct as more fully set forth herein, Plaintiff has suffered damages exceeding the jurisdiction minimum of this Court.

## FACTUAL ALLEGATIONS

12.     Plaintiff incorporates herein by reference each and every preceding paragraph as though set forth fully herein.

///

13.     Pursuant to the website for USPI, it is the largest ambulatory surgery platform in the country with 19,000 team members, and in 2015 became a subsidiary of Tenet Healthcare.

14.     In or around February 2017 Plaintiff commenced employment with Defendants as the Regional Vice President of Business Development bringing with her, at that time, approximately 10 years of experience in the medical/pharmaceutical/biotech sales field. She remained employed with Defendants for a little over three years until her wrongful termination.

15.     Plaintiff is African-American, female who was 47 years old at the time of her termination.

16.     During her time of employment with Defendants, Plaintiff was consistently a hardworking, high-performing, dedicated and successful professional who was never written up during her employment with Defendants and received positive feedback for her work performance. Plaintiff vigorously worked with her team in an effort to grow Defendants' business.

17.     At the time of hire in February 2017, Plaintiff reported to Peggy Wellman (Pacific Market President) with a dotted line to Rich Mottl (Vice President of Business Development). Plaintiff oversaw a development team (called "Partnership Managers") who reported to her.  In this position, she was responsible for approximately 35 surgery centered located throughout California and in Portland, Oregon.  Five (5) Partnership Managers reported to Plaintiff.

18.     Approximately a year after her hire, in or around approximately March 2018, a performance review was completed resulting in a very positive review from Ms. Wellman and Mr. Mottl. In or around this same time period, Plaintiff began reporting to Mr. Mottl with a dotted line to Peggy Wellman.

19.     Due to Plaintiff's high performance with the surgery centers, in or around September/October 2018, Plaintiff was asked to take on more responsibility on the Tenet Health hospital side of the business by Phil Spencer who was then Executive Vice President of Business Development on the hospital side.  Thus, in and around this time, Plaintiff took on approximately seven (7)  hospitals in Southern California in addition to her responsibilities with the surgery centers.  Overall, she oversaw seven (7)  hospitals and approximately 15-20 surgery centers.  With regard to management of personnel, she was responsible for three (3) surgery center Partnership Managers and approximately 12 hospital sales representatives.

20.     In or around August/September 2019, Plaintiff advised Phil Spencer and Mr. Mottl that she was facing obstruction and difficulties with the hospital side of her work. Plaintiff was being treated differently; ostracized; not kept in the communication chain; left out of relevant meetings and discussions that she would normally be included in and that directly impacted her job responsibilities; not being provided information needed to carry out responsibilities; and overall not being supported in her work. Plaintiff reported her concerns regarding discrimination to persons that include, but may not limited to, Mr. Spencer and Mr. Mottl.

21.     Plaintiff is informed and believes and thereon alleges that as a result of this request by Plaintiff and complaining about her unequal treatment, she was subjected to adverse employment action.

22.     Plaintiff is informed and believes and thereon alleges that in approximately December 2019, with the help of Mr. Spencer pushing for same, Lisa Foo, Chief Strategy Officer, reluctantly permitted Plaintiff to move back to the surgery side of the business commencing in January 2020.

23.     Thus, in or around January 1, 2020, Plaintiff again was working full-time on the surgery center side of the business. At this time, she took on more responsibility than her prior role as she was covering more territory, specifically, California, Oregon, Colorado, Arizona, and Nevada. Plaintiff had nine to ten (9-10) Partnership Managers reporting to her.

24.     Plaintiff is informed and believes and thereon alleges that as a result of this request by Plaintiff and complaining about her unequal treatment, she was subjected to adverse employment action.

25.     Plaintiff had a second performance review in March 2020. Her review was completed by Mr. Mottl and she was again given a very positive review.  Mr. Mottl stated that on the scaling of 1-5, he had no reason to rate her below a 5. Mr. Mottl reported that Lisa Foo wanted to give Plaintiff a "not meeting expectations" for Leadership 2019, but that he disagreed with Ms. Foo and reported that as her direct manager, Plaintiff "was a 5 out of 5" and Ms. Foo had never worked with Plaintiff. Ms. Foo reportedly stated that Plaintiff was "hard to get along with." Plaintiff requested of Mr. Mottl specifics as to Ms. Foo's criticisms, but Plaintiff never got them.

26.     In or around this same time as the positive review, Mr. Mottl reported that he wanted to ensure that Plaintiff received a significant bonus that she deserved for her hardwork and her taking on of additional responsibility. Plaintiff is informed and believes and thereon alleges that because he

1  disagreed with Ms. Foo, Mr. Mottl went to Brett Brodnex (CEO of USPI) and told him that Plaintiff

2  deserved to get the largest bonus available. According to Mr. Mottl, Mr. Brodnex agreed. Plaintiff

3  received a large bonus.

4       27.     In or around April 2020, Plaintiff was furloughed along with the Partnership Managers

5  below her.

6       28.     In April 2020, there were two other white Regional Vice Presidents of Business

7  Development: Mark McCormick and Miranda Hayley, for a total of three Regional Vice Presidents

8  managing Partnership Members and the surgery center business. (There were also others on the

9  management team titled, Partnership Vice Presidents. The Partnership Vice Presidents were responsible

10  for managing 1-2 people in addition to sourcing additional business. The Regional Vice Presidents did

11  not need to secure new business.)

12       29.     Plaintiff is informed and believes and thereon alleges that Mark McCormick and Miranda

13  Hayley were never furloughed. Instead, they were given other "projects." For example, Plaintiff is

14  informed and believes and thereon alleges that Mark McCormick was given the interim CEO at Dunes

15  Surgical Hospital.

16       30.     In or around May 2020, Plaintiff learned that her sales team was coming back from

17  furlough, with no information or update provided to Plaintiff. In or around mid May 2020, Plaintiff

18  learned that four persons on her sales team were already back to work under the management of a

19  younger, white male named Scott Herman.

20       31.     Plaintiff was off of unemployment and on disability for a short time due to the stress,

21  worry and anxiety of others being asked back to work instead of Plaintiff despite her outstanding

22  performance and reviews. Plaintiff was told nothing.

23       32.     In late June 2020, Plaintiff sent an email to Ms. Foo seeking an update as to when she

24  could expect to return to work. When Plaintiff and Ms. Foo spoke, Plaintiff was told that her position

25  was being eliminated.

26       33.     On or about June 23, 2020, Plaintiff also received written correspondence advising that

27  her "employment status will be changed to terminated, effective June 26, 2020." She was also provided

28  details of a proposed severance agreement and other termination-related documents.

34.     After notification of her termination and alleged position elimination, on June 23, 2020, Plaintiff reached out to USPI CEO, Brett Brodnex and to SVP, Chief Human Resource Officer, Sandi Karrmann, by email expressing her concern about the termination on account of her race. No substantive response was provided by Mr. Brodnex.   Ms. Karrmann alleged restructuring on the business development side and also noted that the severance offered to her was the incorrect (lower) amount than should have been offered.

35.     Plaintiff is informed and believes and thereon alleges that one of her former Partnership Managers, another African-American female, Britney James, also had her position eliminated on or about June 23, 2020.   Plaintiff and Ms. James were the only two African-American persons on the Business Development team in the West and both had their positions eliminated.

36.     Plaintiff is informed and believes and thereon alleges that Defendants tried to deprive her of severance during the termination process, initially presenting her with a severance agreement that did not have the proper weeks of benefits (an agreement Plaintiff ultimately never executed).

37.     Plaintiff is informed and believes and thereon alleges that Defendants had promoted a younger, white female named Betsy Byars in Plaintiff's place. Ms. Byars was formerly a Director of Business Development and lived in Texas. Plaintiff is informed and believes and thereon alleges that they moved Ms. Byars from Texas to Arizona and announced to Plaintiff's former team on or about July 1, 2020, that Ms. Byars would be the new Regional VP of Business Development for Plaintiff's same team. Plaintiff is informed and believes and thereon alleges that Plaintiff's role was higher in seniority than Ms. Byars' former role of Director of Business Development and/or that Ms. Byars did not have anyone reporting to her as Director.

38.     As noted, above, Plaintiff is informed and believes and thereon alleges that as a result of her late 2019 complaints related to her unequal treatment, Plaintiff was subjected to adverse employment action. Her furlough and termination were discriminatory and retaliatory based on age and race.

39.     Plaintiff is informed and believes and thereon alleges that her work history and performance demonstrated that she was eminently qualified to remain on as an employee of Defendants.

40.     Plaintiff's furlough and termination was consistent with Defendants' discriminatory practice of showing preference for younger, non-African-American workers.

41.     Plaintiff's furlough and wrongful termination were devastating.  She suffered economic and non-economic damages including but not limited to physical pain and physical stress, extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, emotional distress, loss of income, loss of earning capacity, loss of job opportunity and other losses to be proven at the time of trial.

42.     Plaintiff is informed and believes and thereon alleges that Defendants have engaged in other wrongful conduct which may become known during discovery.  Plaintiff reserves the right to seek leave of the Court to amend this complaint to conform to proof and/or add additional allegations upon discovery.

43.     Plaintiff has exhausted her administrative remedies by filing with the California Department of Fair Employment and Housing and obtaining a "Right to Sue" packet from the California Department of Fair Employment and Housing.  See a copy of same attached hereto as **Exhibit A** and incorporated fully by this reference.  She has also filed with the U.S. Equal Employment Opportunity Commission and obtained a "Right to Sue."    See a copy of same attached hereto as **Exhibit B** and incorporated fully by this reference.

## **FIRST CAUSE OF ACTION**

### **Wrongful Termination in Violation of Public Policy**

**(Alleged by Plaintiff against all Defendants including DOES 1 through 20, inclusive)**

44.     Plaintiff incorporates herein by reference each and every preceding paragraph as though set forth fully herein.

45.     Plaintiff alleges that Plaintiff was wrongfully terminated.

46.     Plaintiff further alleges that the adverse employment actions alleged herein was wrongful because Plaintiff suffered adverse employment action in violation of the fundamental public policies of the State of California, including without limitation: the right to report unlawful conduct (or conduct reasonably believed to be unlawful; those laws set forth in California Government Code section 12940 et seq.; the administrative regulations of the Fair Employment and Housing Act; Article 1; and sections 1 and 8 of the Constitution of the State of California. These statutes are not the entire universe of

statutes that may embody the public policies at issue here, but are merely representative and illustrative examples.

47.    Defendants intentionally created and/or knowingly permitted working conditions that violated public policy.

48.    Plaintiff is informed and believes and thereon alleges that Defendants' conduct was a substantial factor in causing Plaintiff's harm.

49.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial lost wages, employment benefits, lost opportunity, and other economic damages in an amount subject to proof at the time of trial, which Plaintiff claims as damages. Plaintiff, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

50.    As a direct and proximate result of Defendants' conduct, Plaintiff has also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiff seeks such amount as damages. Plaintiff, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

51.    Plaintiff claims the aforementioned damages together with pre-judgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

52.    Plaintiff further alleges that the deliberate acts of Defendants, as alleged herein, were willfully executed with a conscious disregard for the rights of others and were intended to oppress and cause injury and, in fact, did oppress and cause injury to Plaintiff. Plaintiff is, therefore, entitled to an award of punitive damages in an amount sufficient to punish and make an example of Defendants in an amount subject to proof at the time of trial.

53.    Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result of Defendants' acts or omissions, Plaintiffs have incurred and continues to incur costs and expenses

1  including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct

2  of Defendants as alleged herein.

3      54.    Plaintiff is informed and believes and thereon alleges that Defendants have engaged in

4  other wrongful practices which may become known during discovery. Plaintiffs reserve the right to seek

5  leave of the Court to amend this complaint to conform to proof and/or add additional allegations upon

6  discovery.

7                              **SECOND CAUSE OF ACTION**

8              **Continuous Discrimination (Race)- Govt. Code §12940(a)**

9          **(Alleged by Plaintiff against all Defendants including DOES 1 through 20, inclusive)**

10      55.    Plaintiff incorporates herein by reference each and every preceding paragraph as though

11  set forth fully herein.

12      56.    This action is brought pursuant to the California Fair Employment and Housing Act,

13  section 12940(a) of the California Government Code, which prohibits an employer from discharging,

14  expelling or otherwise discriminating against any person because of the person's race, color, or ancestry.

15      57.    As described above, Plaintiff was duly qualified for the position Plaintiff held and

16  otherwise performed satisfactorily.

17      58.    As described above, Defendants subjected Plaintiff to adverse employment action

18  including terminating Plaintiff based in whole or in part on her race, and the decision-making criteria used

19  had a disparate impact on other African-American workers (including Plaintiff).

20      59.    In engaging in the aforementioned conduct, Defendants, aided, abetted, incited, compelled

21  and/or coerced unlawful employment practices in violation of California's Fair Employment Housing

22  Act.

23      60.    At all times relevant in this complaint, Government Code sections 12900 et. seq. (Fair

24  Employment and Housing Act (FEHA)) were in full force and effect, and were binding upon all

25  Defendants and each of them. Plaintiff has complied with the requirements of FEHA that Plaintiff files

26  a complaint with the Department of Fair Employment and Housing ("DFEH") and obtained a

27  right-to-sue letter duly issued by the DFEH. This action is being commenced within the time period

28  permitted by the right-to-sue letter(s) issued by the DFEH.

61.    Plaintiff is informed and believes and thereon alleges that Defendants' conduct was a substantial factor in causing Plaintiff's harm.

62.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial lost wages, employment benefits, lost opportunity, and other economic damages in an amount subject to proof at the time of trial, which Plaintiff claims as damages. Plaintiff, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

63.    As a direct and proximate result of Defendants' conduct, Plaintiff has also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiff seeks such amount as damages. Plaintiff, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

64.    Plaintiff claims the aforementioned damages together with pre-judgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

65.    Plaintiff further alleges that the deliberate acts of Defendants, as alleged herein, were willfully executed with a conscious disregard for the rights of others and were intended to oppress and cause injury and, in fact, did oppress and cause injury to Plaintiff. Plaintiff is, therefore, entitled to an award of punitive damages in an amount sufficient to punish and make an example of Defendants in an amount subject to proof at the time of trial.

66.    Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result of Defendants' acts or omissions, Plaintiff has incurred and continues to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct of Defendants as alleged herein. Government Code sections 12900 et. seq., and specifically section 12965(b), permits the recovery of attorney fees.

67.    Plaintiff is informed and believes and thereon alleges that Defendants have engaged in other wrongful practices which may become known during discovery. Plaintiff reserves the right to seek

1    leave of the Court to amend this complaint to conform to proof and/or add additional allegations upon

2    discovery.

### THIRD CAUSE OF ACTION

### Continuous Discrimination (Age)- Govt. Code §12940(a)

### (Alleged by Plaintiff against all Defendants including DOES 1 through 20, inclusive)

6    68.    Plaintiff incorporates herein by reference each and every preceding paragraph as though

7    set forth fully herein.

8    69.    This action is brought pursuant to the California Fair Employment and Housing Act,

9    section 12940(a) of the California Government Code, which prohibits an employer from discharging,

10   expelling or otherwise discriminating against any person because of a person's age if the person is over

11   age 40.

12   70.    As described above, Plaintiff was duly qualified for the position Plaintiff held and

13   otherwise performed satisfactorily and was over the age of 40 at the time of her termination.

14   71.    As described above, Defendants subjected Plaintiff to adverse employment action

15   including terminating Plaintiff based in whole or in part on her age and the decision-making criteria used

16   had a disparate impact on other older workers (including Plaintiff).

17   72.    In engaging in the aforementioned conduct, Defendants, aided, abetted, incited, compelled

18   and/or coerced unlawful employment practices in violation of California's Fair Employment Housing

19   Act.

20   73.    At all times relevant in this complaint, Government Code sections 12900 et. seq. (Fair

21   Employment and Housing Act (FEHA)) were in full force and effect, and were binding upon all

22   Defendants and each of them.  Plaintiff has complied with the requirements of FEHA that Plaintiff files

23   a complaint with the Department of Fair Employment and Housing ("DFEH") and obtained a

24   right-to-sue letter duly issued by the DFEH.  This action is being commenced within the time period

25   permitted by the right-to-sue letter(s) issued by the DFEH.

26   74.    Plaintiff is informed and believes and thereon alleges that Defendants' conduct was a

27   substantial factor in causing Plaintiff's harm.

28   ///

75.     As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial lost wages, employment benefits, lost opportunity, and other economic damages in an amount subject to proof at the time of trial, which Plaintiff claims as damages.  Plaintiff, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

76.     As a direct and proximate result of Defendants' conduct, Plaintiff has also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.  Plaintiff seeks such amount as damages.  Plaintiff, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

77.     Plaintiff claims the aforementioned damages together with pre-judgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

78.     Plaintiff further alleges that the deliberate acts of Defendants, as alleged herein, were willfully executed with a conscious disregard for the rights of others and were intended to oppress and cause injury and, in fact, did oppress and cause injury to Plaintiff.  Plaintiff is, therefore, entitled to an award of punitive damages in an amount sufficient to punish and make an example of Defendants in an amount subject to proof at the time of trial.

79.     Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result of Defendants' acts or omissions, Plaintiff has incurred and continues to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct of Defendants as alleged herein.  Government Code sections 12900 et. seq., and specifically section 12965(b), permits the recovery of attorney fees.

80.     Plaintiff is informed and believes and thereon alleges that Defendants have engaged in other wrongful practices which may become known during discovery.  Plaintiff reserves the right to seek leave of the Court to amend this complaint to conform to proof and/or add additional allegations upon discovery.

## FOURTH CAUSE OF ACTION

### Continuous Retaliation (Race)- Govt. Code §12940(h)

**(Alleged by Plaintiff against all Defendants including DOES 1 through 20, inclusive)**

81.     Plaintiff incorporates herein by reference each and every preceding paragraph as though set forth fully herein.

82.     At all times relevant in this matter Plaintiff engaged in activities protected by the California Fair Employment Act.  Specifically, Plaintiff opposed and reported unlawful discrimination.

83.     Defendants subjected Plaintiff to continuous adverse employment actions including a hostile environment.  Plaintiff's race was one of the motivating factors for all adverse actions and retaliatory conduct.  Accordingly, Defendants' conduct violated Govt. Code §12940(h) and Title 2 of the California Code of Regulations §11021.

84.     Plaintiff is informed and believes and thereon alleges that Defendants' conduct was a substantial factor in causing Plaintiff's harm.

85.     As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial lost wages, employment benefits, lost opportunity, and other economic damages in an amount subject to proof at the time of trial, which Plaintiff claims as damages.  Plaintiff, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

86.     As a direct and proximate result of Defendants' conduct, Plaintiff has also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.  Plaintiff seeks such amount as damages.  Plaintiff, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

87.     Plaintiff claims the aforementioned damages together with pre-judgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

///

1    88.    Plaintiff further alleges that the deliberate acts of Defendants, as alleged herein, were

2    willfully executed with a conscious disregard for the rights of others and were intended to oppress and

3    cause injury and, in fact, did oppress and cause injury to Plaintiff.  Plaintiff is, therefore, entitled to an

4    award of punitive damages in an amount sufficient to punish and make an example of Defendants in an

5    amount subject to proof at the time of trial.

6    89.    Plaintiff is informed and believes and thereon alleges that as a further direct and proximate

7    result of Defendants' acts or omissions, Plaintiff has incurred and continues to incur costs and expenses

8    including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct

9    of Defendants as alleged herein.  Government Code sections 12900 et. seq., and specifically section

10    12965(b), permits the recovery of attorney fees.

11    90.    Plaintiff is informed and believes and thereon alleges that Defendants have engaged in

12    other wrongful practices which may become known during discovery.  Plaintiff reserves the right to seek

13    leave of the Court to amend this complaint to conform to proof and/or add additional allegations upon

14    discovery.

15    **FIFTH CAUSE OF ACTION**

16    **Continuous Retaliation (Age)- Govt. Code §12940(h)**

17    **(Alleged by Plaintiff against all Defendants including DOES 1 through 20, inclusive)**

18    91.    Plaintiff incorporates herein by reference each and every preceding paragraph as though

19    set forth fully herein.

20    92.    At all times relevant in this matter Plaintiff engaged in activities protected by the

21    California Fair Employment Act.  Specifically, Plaintiff opposed and reported unlawful discrimination.

22    93.    Defendants subjected Plaintiff to continuous adverse employment actions including a

23    hostile environment.  Plaintiff age was one of the motivating factors for all adverse actions and

24    retaliatory conduct.  Accordingly, Defendants' conduct violated Govt. Code §12940(h) and Title 2 of

25    the California Code of Regulations §11021.

26    94.    Plaintiff is informed and believes and thereon alleges that Defendants' conduct was a

27    substantial factor in causing Plaintiff's harm.

28    ///

95.     As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial lost wages, employment benefits, lost opportunity, and other economic damages in an amount subject to proof at the time of trial, which Plaintiff claims as damages.  Plaintiff, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

96.     As a direct and proximate result of Defendants' conduct, Plaintiff has also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.  Plaintiff seeks such amount as damages.  Plaintiff, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

97.     Plaintiff claims the aforementioned damages together with pre-judgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

98.     Plaintiff further alleges that the deliberate acts of Defendants, as alleged herein, were willfully executed with a conscious disregard for the rights of others and were intended to oppress and cause injury and, in fact, did oppress and cause injury to Plaintiff.  Plaintiff is, therefore, entitled to an award of punitive damages in an amount sufficient to punish and make an example of Defendants in an amount subject to proof at the time of trial.

99.     Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result of Defendants' acts or omissions, Plaintiff has incurred and continues to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct of Defendants as alleged herein.  Government Code sections 12900 et. seq., and specifically section 12965(b), permits the recovery of attorney fees.

100.     Plaintiff is informed and believes and thereon alleges that Defendants have engaged in other wrongful practices which may become known during discovery.  Plaintiff reserves the right to seek leave of the Court to amend this complaint to conform to proof and/or add additional allegations upon discovery.

## SIXTH CAUSE OF ACTION

**Continuous Failure to Prevent Discrimination/Retaliation - Govt. Code §12940(k)**

**(Alleged by Plaintiff against all Defendants including DOES 1 through 20, inclusive)**

101.     Plaintiff incorporates herein by reference each and every preceding paragraph as though set forth fully herein.

102.     Defendants knew or should have known about the discrimination and retaliation of Plaintiff set forth above. Defendants failed to implement adequate training, policies or instructions that would have prevented the aforementioned discrimination, harassment and retaliation. Defendants breached their duty to prevent discrimination of Plaintiff. Accordingly, Defendants violated Govt. Code §12940(k) and Title 2 of the California Code of Regulations §11023.

103.     Plaintiff is informed and believes and thereon alleges that Defendants' conduct was a substantial factor in causing Plaintiff's harm.

104.     As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial lost wages, employment benefits, lost opportunity, and other economic damages in an amount subject to proof at the time of trial, which Plaintiff claims as damages. Plaintiff, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

105.     As a direct and proximate result of Defendants' conduct, Plaintiff has also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiff seeks such amount as damages. Plaintiff, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

106.     Plaintiff claims the aforementioned damages together with pre-judgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

107.     Plaintiff further alleges that the deliberate acts of Defendants, as alleged herein, were willfully executed with a conscious disregard for the rights of others and were intended to oppress and

1 | cause injury and, in fact, did oppress and cause injury to Plaintiff. Plaintiff is, therefore, entitled to an

2 | award of punitive damages in an amount sufficient to punish and make an example of Defendants in an

3 | amount subject to proof at the time of trial.

4 |       108.    Plaintiff is informed and believes and thereon alleges that as a further direct and proximate

5 | result of Defendants' acts or omissions, Plaintiff has incurred and continues to incur costs and expenses

6 | including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct

7 | of Defendants as alleged herein. Government Code sections 12900 et. seq., and specifically section

8 | 12965(b), permits the recovery of attorney fees.

9 |       109.    Plaintiff is informed and believes and thereon alleges that Defendants have engaged in

10 | other wrongful practices which may become known during discovery. Plaintiff reserves the right to seek

11 | leave of the Court to amend this complaint to conform to proof and/or add additional allegations upon

12 | discovery.

13 | **SEVENTH CAUSE OF ACTION**

14 | **Negligence and Negligent Supervision**

15 | **(Alleged by Plaintiff against all Defendants including DOES 1 through 20, inclusive)**

16 |       110.    Plaintiff incorporates herein by reference each and every preceding paragraph as though

17 | set forth fully herein.

18 |       111.    Plaintiff is informed and believes and thereon alleges that as employers, Defendants had

19 | a duty to Plaintiffs to provide an ethical, legal and professional work environment.

20 |       112.    Plaintiff is informed and believes and thereon alleges that as employers, Defendants had

21 | a duty to ensure that their employees were not subjected to adverse employment actions. Plaintiff is

22 | informed and believes and thereon alleges that Defendants breached their duty of care to Plaintiff by

23 | negligently, carelessly and wrongfully performing acts or omissions which include but are not limited to,

24 | failing to supervise employees to ensure there were no wrongful violations of the law.

25 |       113.    Plaintiff is informed and believes and thereon alleges that Defendants had a duty to

26 | supervise their employees to ensure that Plaintiffs work place was free from discrimination and

27 | retaliation. Defendants negligently, carelessly and wrongfully failed to properly oversee and supervise

28 |

1  their employees. Defendants further failed to investigate or take any corrective measures when

2  confronted with issues that were required to be rectified.

3       114.    Plaintiff is informed and believes and thereon alleges that Defendants' conduct was a

4  substantial factor in causing Plaintiff's harm.

5       115.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an

6  amount according to proof, but in an amount in excess of the jurisdiction of this Court. As a direct and

7  proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial lost

8  wages, employment benefits, lost opportunity, and other economic damages in an amount subject to

9  proof at the time of trial, which Plaintiff claims as damages. Plaintiff, therefore, will seek leave of Court

10  to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at

11  the time of trial.

12       116.    As a direct and proximate result of Defendants' conduct, Plaintiff has also suffered

13  general damages for mental and emotional distress and aggravation in an amount to be proven at the time

14  of trial. Plaintiff seeks such amount as damages. Plaintiff, therefore, will seek leave of Court to amend

15  this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of

16  trial.

17       117.    Plaintiff claims the aforementioned damages together with pre-judgment interest pursuant

18  to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

19       118.    Plaintiff is informed and believes and thereon alleges that as a further direct and proximate

20  result of Defendants' acts or omissions, Plaintiff has incurred and continues to incur costs and expenses

21  including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct

22  of Defendants as alleged herein. Government Code sections 12900 et. seq., and specifically section

23  12965(b), permits the recovery of attorney fees.

24       119.    Plaintiff is informed and believes and thereon alleges that Defendants have engaged in

25  other wrongful practices which may become known during discovery. Plaintiff reserves the right to seek

26  leave of the Court to amend this complaint to conform to proof and/or add additional allegations upon

27  discovery.

28  ///

## **EIGHTH CAUSE OF ACTION**

### **(Failure to Provide Employee File - Labor Code § 1198.5)**

### **(Alleged by Plaintiff against all Defendants including DOES 1 through 20, inclusive)**

120.    Plaintiff incorporates herein by reference each and every preceding paragraph as though set forth fully herein.

121.    In accordance with Labor Code § 1198.5, Plaintiff made a demand for her employee file on or around July 27, 2020.

122.    Defendants have failed and/or refused to provide Plaintiff's employee file to date.

123.    As a result of Defendants' failure to comply with Plaintiff's Labor Code 1198.5 demand, Plaintiff seeks recovery of statutory penalty in the amount of Seven Hundred Fifty Dollars ($750.00), injunctive relief, attorney's fees, and costs of suit.

124.    Plaintiff is informed and believes and thereon alleges that Defendants have engaged in other wrongful practices which may become known during discovery. Plaintiff reserves the right to seek leave of the Court to amend this complaint to conform to proof and/or add additional allegations upon discovery.

### **PRAYER**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.    For compensatory damages including but not limited to wages and benefits, emotional distress damages, in a sum according to proof;

2.    For reinstatement or front pay in lieu of reinstatement, in a sum according to proof;

3.    For attorneys' fees and costs of suit as allowed by contract, case law or statute;

4.    For interest accrued on damages, including pre-judgment interest;

5.    For punitive damages sufficient to punish Defendants for their wrongdoing as described herein and in an amount subject to proof at trial;

6.    For all applicable statutory penalties as allowed by law;

///

///

///

1      7.        Such other and further relief as the Court deems just and proper.

2

3    DATED: November 20, 2020                QUADE & ASSOCIATES, a PLC

4

5                                           By: */s/ Cheryl L. Gustafson*
                                               Michael W. Quade
                                               Cheryl L. Gustafson
6                                              Attorneys for Plaintiff Dorothy Jeaneen Cockrell

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues.

DATED: November 20, 2020                    QUADE & ASSOCIATES, a PLC


                                            By: /s/ Cheryl L. Gustafson
                                                Michael W. Quade
                                                Cheryl L. Gustafson
                                                Attorneys for Plaintiff Dorothy Jeaneen Cockrell

COMPLAINT

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 15, 2020

Michael Quade, Esq.
3377 Carmel Mountain Road, Suite 150
San Diego, CA 92121
Cheryl Gustafson, Esq.
3377 Carmel Mountain Road, Suite 150
San Diego, CA 92121

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202009-11255115
       Right to Sue: Cockrell / United Surgical Partners International, Inc. et al.

Dear Michael Quade, Esq.Cheryl Gustafson, Esq.:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business. Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 15, 2020

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202009-11255115
       Right to Sue: Cockrell / United Surgical Partners International, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 15, 2020

Dorothy Cockrell
4460 Signature Drive
Corona, CA 92883

RE:  **Notice of Case Closure and Right to Sue**
     DFEH Matter Number: 202009-11255115
     Right to Sue: Cockrell / United Surgical Partners International, Inc. et al.

Dear Dorothy Cockrell:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
September 9, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
## RIGHT-TO-SUE

Your submission of this document acknowledges that you have read and agree to the DFEH's Privacy Policy. By submitting this document, you are declaring under penalty of perjury under the laws of the State of California that to the best of your knowledge all information stated is true and correct, except matters stated on information and belief, which you believe to be true.

**DFEH CASE NUMBER (IF APPLICABLE):**

202009-11255115

**COMPLAINANT:**

| NAME: | TELEPHONE NUMBER: |
|---|---|
| Dorothy J. Cockrell | (951) 406-9722 |

| ADDRESS: | EMAIL ADDRESS: |
|---|---|
| 4460 Signature Drive | jeaneen.cockrell@gmail.com |

| CITY/STATE/ZIP: |
|---|
| Corona, CA 92883 |

**RESPONDENT:**

| NAME: | TELEPHONE NUMBER: |
|---|---|
| United Surgical Partners International, Inc. | (972) 713-3500 |

ADDRESS:

14201 Dallas Parkway

CITY/STATE/ZIP:

Dallas, TX 75254

NUMBER OF EMPLOYEES: 101 - 200     TYPE OF EMPLOYER: _____

RECEIVED

SEP 0 9 2020

Department of Fair Employment & Housing
Elk Grove

**ADD CO-RESPONDENT:**

NAME: Tenet Health System Medical, Inc.

TITLE:

ADDRESS: 14201 Dallas Parkway, Dallas, TX 75254

TELEPHONE NUMBER: (972) 713-3500

**ADD CO-RESPONDENT:**

NAME:

TITLE:

ADDRESS:

TELEPHONE NUMBER:

**DATE OF HARM:**

LAST DATE OF HARM (Month/Day/Year): 06/23/2020

1.  I ALLEGE THAT I EXPERIENCED: ✓ Discrimination    ✓ Harassment

## BECAUSE OF MY ACTUAL OR PERCEIVED:

☑ Age (40 and over)

☐ Ancestry

☐ Association with a member of a protected class

☐ Baby Bonding Leave (employers of 20-49 people)

☑ Color

☐ Criminal History

☐ Disability (physical or mental)

☐ Family Care or Medical Leave (CFRA) (employers of 50 or more people)

☐ Gender Identity or Expression

☐ Genetic Information or Characteristic

☐ Marital Status

☐ Medical Condition (cancer or genetic characteristic)

☐ Military and Veteran Status

☐ National Origin (includes language restrictions)

☐ Pregnancy, childbirth, breastfeeding, and/or related medical conditions

☑ Race

☐ Religious creed (includes dress and grooming practices)

☐ Sex/Gender

☐ Sexual harassment – hostile environment

☐ Sexual harassment – quid pro quo

☐ Sexual orientation

☐ Other (specify) _____

**AS A RESULT, I WAS:**

- [ ] Asked impermissible non-job-related questions
- [ ] Demoted
- [ ] Denied accommodation for pregnancy
- [ ] Denied accommodation for religious beliefs
- [x] Denied any employment benefit or privilege
- [ ] Denied Baby Bonding Leave (employers of 20-49 people)
- [ ] Denied employer paid health care while on pregnancy disability leave
- [ ] Denied equal pay
- [ ] Denied Family Care or Medical Leave (CFRA) (employers of 50 or more people)
- [ ] Denied hire or promotion
- [ ] Denied or forced to transfer
- [ ] Denied reasonable accommodation for a disability
- [ ] Denied the right to wear pants
- [x] Denied work opportunities or assignments
- [ ] Forced to quit
- [x] Laid off
- [ ] Reprimanded
- [ ] Suspended
- [x] Terminated
- [ ] Other (specify) _____

**I ALLEGE THAT I EXPERIENCED:**    [ ] Retaliation

**BECAUSE I:**

- [ ] Participated as a witness in a discrimination or harassment complaint
- [ ] Reported or resisted any form of discrimination or harassment
- [ ] Reported patient abuse (hospital employees only)
- [ ] Requested or used a disability-related accommodation
- [ ] Requested or used a pregnancy-disability-related accommodation
- [ ] Requested or used a religious accommodation
- [ ] Requested or used baby bonding leave (employers of 20-49 people)
- [ ] Requested or used leave under the California Family Rights Act or FMLA
  (employers of 50 or more people)

Right-to-Sue (DFEH 902-6M) Revised 7/2019

**AS A RESULT I WAS:**

☐ Asked impermissible non-job-related questions

☐ Demoted

☐ Denied accommodation for pregnancy

☐ Denied accommodation for religious beliefs

☐ Denied any employment benefit or privilege

☐ Denied baby bonding leave (employers of 20-49 people)

☐ Denied employer paid health care while on pregnancy disability leave

☐ Denied equal pay

☐ Denied Family Care or Medical Leave (CFRA) (employers of 50 or more people)

☐ Denied hire or promotion

☐ Denied or forced to transfer

☐ Denied reasonable accommodation for a disability

☐ Denied the right to wear pants

☐ Denied work opportunities or assignments

☐ Forced to quit

☐ Laid off

☐ Reprimanded

☐ Suspended

☐ Terminated

☐ Other (specify) _____

2. Do you have an attorney who agreed to represent you in this matter?  ⦿ Yes  ○ No
   If yes, please provide the attorney's contact information.

**COMPLAINANT'S REPRESENTATIVE INFORMATION**

Attorney Name: Michael W. Quade, Esq. and Cheryl L. Gustafson, Esq.

Attorney Firm Name: Quade & Associates, a PLC

Attorney Address: 3377 Carmel Mountain Road, Suite 150

Attorney City, State, and Zip: San Diego, CA 92121

Right-to-Sue (DFEH 902-6M) Revised 7/2019

3. Briefly describe what you believe to be the reason(s) for the discrimination, harassment, or retaliation. (Optional)

I began working for the employer on or about February 2017. My job title was Regional Vice President of Business Development. My immediate supervisor was Rich Mottl. On or about April 1, 2020, I received a telephone call from Lisa Foo (Chief Strategy Officer for Tenet) informing me that I would be subjected to different terms and conditions which included being furloughed. I was placed on furlough effective April 6, 2020. I am aware that the two non-Black Regional Vice Presidents were not furloughed. Ms. Foo did not provide a reason for placing me on furlough.

On or about June 23, while furloughed, I was advised that she and another African American female on the business development team had positions that were being eliminated. The termination was effective June 26, 2020. I was a high/top performer. I understand and believe that no other non-African American team members on the business development side were terminated. Despite the fact that she was told that the business development team was being "restructured," I am informed and believe that, in reality, I was replaced by a Caucasian employee and that I was discriminated against on the basis of her race/color and/or age.

Also, prior to the furlough and termination events, during my employment, I experienced racial and age discrimination. I was excluded or left out of certain meetings and not included in decisions that directly impacted my team. I was treated differently than other younger and non-African American team members. I allege that there was a culture seeking younger and white workers/team members.

I believe I have been discriminated against because of my race and also believe I have been discriminated against because of my age.

Right-to-Sue (DFEH 902-6M) Revised 7/2019

## VERIFICATION PAGE – THIS PAGE MUST BE COMPLETED

**Before submitting the form, you must verify who you are and whether you are submitting this information for yourself or someone else.**

Verifier Name:   Dorothy J. Cockrell

Verifier's Relationship to Complainant:  Complainant

Verifier's City and State: Corona, CA

**By submitting this document, you are declaring under penalty of perjury under the laws of the State of California that to the best of your knowledge all information stated is true and correct, except matters stated on information and belief, which you believe to be true.**

Right-to-Sue (DFEH 902-6M) Revised 7/2019

## DEMOGRAPHIC INFORMATION

### THIS INFORMATION IS OPTIONAL AND IS ONLY USED FOR STATISTICAL PURPOSES.

Primary Language:_____    Age: _____

**GENDER / GENDER IDENTITY:**

☐ Male    ☐ Female    ☐ Non-Binary    ☐ Other

**MARITAL STATUS:**

☐ Single    ☐ Married    ☐ Cohabitation    ☐ Divorced

**RACE:**

☐ American Indian, Native American or Alaskan Native    ☐ Native Hawaiian or Other Pacific Islander
☐ Asian    ☐ White
☐ Black or African American    ☐ Other

**ETHNICITY:**

☐ Hispanic or Latino    ☐ Non-Hispanic or Latino

**NATIONAL ORIGIN:**

| | | | |
|---|---|---|---|
| ☐ Afghani | ☐ German | ☐ Japanese | ☐ Other Middle Eastern |
| ☐ American [U.S.A] | ☐ Ghanaian | ☐ Korean | ☐ Pakistani |
| ☐ Asian Indian | ☐ Guamanian | ☐ Laotian | ☐ Puerto Rican |
| ☐ Bangladeshi | ☐ Haitian | ☐ Lebanese | ☐ Salvadoran |
| ☐ Cambodian | ☐ Hawaiian | ☐ Malaysian | ☐ Samoan |
| ☐ Canadian | ☐ Hmong | ☐ Mexican | ☐ Sri Lankan |
| ☐ Chinese | ☐ Indonesian | ☐ Nigerian | ☐ Syrian |
| ☐ Cuban | ☐ Iranian | ☐ Other | ☐ Taiwanese |
| ☐ Dominican | ☐ Iraqi | ☐ Other African | ☐ Thai |
| ☐ Egyptian | ☐ Irish | ☐ Other Asian | ☐ Tongan |
| ☐ English | ☐ Israeli | ☐ Other Caribbean | ☐ Vietnamese |
| ☐ Ethiopian | ☐ Italian | ☐ Other European | |
| ☐ Fijian | ☐ Jamaican | ☐ Other Hispanic/Latino | |
| ☐ Filipino | | | |

Right-to-Sue (DFEH 902-6M) Revised 7/2019

## DEMOGRAPHIC INFORMATION
### THIS INFORMATION IS OPTIONAL AND IS ONLY USED FOR STATISTICAL PURPOSES.

**DISABILITY:**

- [ ] AIDS or HIV
- [ ] Blood / Circulation
- [ ] Brain / Nerves / Muscles
- [ ] Digestive / Urinary / Reproduction
- [ ] Hearing
- [ ] Heart

- [ ] Limbs [Arms / Legs]
- [ ] Mental
- [ ] Sight
- [ ] Speech / Respiration
- [ ] Spinal / Back / Respiration
- [ ] Other Disability

**RELIGION:**

- [ ] Agnostic
- [ ] Atheist
- [ ] Bahai
- [ ] Buddhism
- [ ] Catholicism
- [ ] Christianity
- [ ] Confucianism
- [ ] Hinduism
- [ ] Islam
- [ ] Jehovah's Witness
- [ ] Judaism
- [ ] Neo-Paganism

- [ ] Nonreligious
- [ ] Protestantism
- [ ] Primal-indigenous
- [ ] Quakers
- [ ] Rastafarianism
- [ ] Spiritism
- [ ] Shinto
- [ ] Sikhism
- [ ] Taoism
- [ ] Unitarian-Universalism
- [ ] Zoroastrianism
- [ ] Other

**SEXUAL ORIENTATION:**

- [ ] Straight or Heterosexual
- [ ] Gay or Lesbian
- [ ] Bisexual
- [ ] Other

Right-to-Sue (DFEH 902-6M) Revised 7/2019

# EXHIBIT B

EEOC Form 161-B (11/16)

## U.S. Equal Employment Opportunity Commission

### Notice of Right to Sue *(Issued on Request)*

| To: | **Dorothy J. Cockrell** | From: | **Los Angeles District Office** |
|---|---|---|---|
| | **C/O Cheryl Gustafson** | | **255 E. Temple St. 4th Floor** |
| | **QUADE & ASSOCIATES, A PLC** | | **Los Angeles, CA 90012** |
| | **3377 Carmel Mountain Road, #150** | | |
| | **San Diego, CA 92121** | | |

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Patricia Kane,** | |
| **450-2020-04342** | **Enforcement Manager** | **(213) 785-3021** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

August 26, 2020

Enclosures(s)

**Rosa M. Viramontes,**
**District Director**

*(Date Mailed)*

**Graham Hoerauf**
**Ogletree, Deakins, Nash, Smoak &**
**Stewart, P.C.**
**695 Town Center Dr., Suite 1500**
**Costa Mesa, CA 92626**